IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA DEPARTMENT OF TRANSPORTATION, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| VTS TRANSPORTATION, INC. and GREAT WEST CASUALTY COMPANY, | DeKalb State Court Case No. 22A01450 |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW, Defendants VTS TRANSPORTATION ("VTS") and GREAT WEST CASUALTY COMPANY ("Great West") (hereinafter collectively as "Defendants"), by and through their counsel of record, and without waiving any defenses as to service of process, jurisdiction or proper party, hereby file this Notice of Removal, respectfully showing the Court as follows:

1.

This is a property damage action filed by Plaintiff Georgia Department of Transportation ("Plaintiff") against Defendants in the State Court of Dekalb County, State of Georgia, Civil Action File No. 22A01450. It arises from a motor vehicle accident that occurred in Dekalb County, Georgia. A copy of the Complaint and state court filings are attached hereto as Exhibit "A".

**<u>Complete Diversity Jurisdiction Exists</u>**

2.

Upon information and belief, Plaintiff is an agency of the State of Georgia created pursuant to O.C.G.A. § 32-2-1, *et. seq*.  Plaintiff is a citizen of the State of Georgia for citizenship purposes.

3.

At the time of the filing of the Complaint, Defendant VTS was a foreign corporation organized under the laws of the State of California with its principal place of business located at 1382 Blue Oaks Blvd, Roseville, California 95678. VTS is a citizen of California for purposes of diversity jurisdiction.

4.

At the time of the filing of the Complaint, Defendant Great West Casualty Company was a foreign corporation organized under the laws of the State of Nebraska with its principal place of business located at 1100 West 29th Street, South Sioux City, NE 68776.  Great West is a citizen of Nebraska for the purposes of diversity jurisdiction.

5.

Defendants have a good faith basis to believe that the amount in controversy exceeds $75,000.00.  Plaintiff has pled damages of approximately $132,200.50 in its Complaint for property damage to roadway infrastructure. [*See* Exhibit "A",

Plaintiff's Complaint]. Defendants accordingly believe that Plaintiff intends to seek damages which exceed $75,000.00.

6.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (a) because complete diversity exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**Removal is Timely**

7.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Great West being served.  This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446 (b).  The parties being fully diverse, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

**Venue is Proper in the Northern District**

8.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Dekalb County. *See* 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met

9.

The Supreme Court has construed the removal statutes to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." *See Russell Corp. v. Am. Home Assurance Co*., 264 F.3d 1040, 1050 (11th Cir. 2001) (*citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900)).  Defendants are both represented by the undersigned counsel, and consent to removal of this case to this Court.

## Removal is Proper

10.

No previous application for the relief sought herein has been made to this or any other Court.

11.

Good and sufficient defenses to Plaintiff's claims exist.

12.

Now, within thirty (30) days after service on Defendant Great West, notice is hereby given in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11, Federal Rules of Civil Procedure, of the removal of said action to this Court.

13.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Dekalb County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

**WHEREFORE**, Defendant prays that this Court take cognizance and jurisdiction over this claim from the State Court of DeKalb County, Georgia, and this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

Respectfully submitted this 16th day of June, 2022.

McMICKLE, KUREY & BRANCH, LLP
*/s/ Matthew R. Sessions*
KEVIN P. BRANCH
Ga Bar No. 111839
MATTHEW R. SESSIONS
Georgia Bar No. 899806
*Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone:  (678) 824-7800
kpb@mkblawfirm.com
msessions@mkblawfirm.com

Counsel for Defendants hereby certifies that Defendants' Notice of Removal has been prepared with one of the font and point selections approved by the Court in LR 5.1(b):  Times New Roman (14 point).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **NOTICE**

**OF REMOVAL** upon all counsel of record via *PACER CM/ECF* efiling system and

via *STATUTORY ELECTRONIC SERVICE* as follows:

Christopher M. Carr, Esq.
Julie Adams Jacobs, Esq.
Brooke Heinz Chaplain, Esq.
Alkesh Patel, Esq.
Nathan D. Hovey, Esq.
GEORGIA DEPARTMENT OF LAW
40 Capitol Square, SW
Atlanta, GA 30334
nhovey@law.ga.gov
*Attorneys for Plaintiff*

This 16th day of June, 2022.

/s/ **Matthew R. Sessions**
MATTHEW R. SESSIONS
For the Firm